# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 22-0079** (Wood County 19-F-255)

**Chester Robert Ulysses Lilly III,**
**Defendant Below, Petitioner**


### MEMORANDUM DECISION


Petitioner Chester Robert Ulysses Lilly III appeals the Circuit Court of Wood County's November 10, 2021, order sentencing him to a term of imprisonment of life in prison without the possibility of parole.[1] On appeal, he argues that his murder conviction should be set aside due to an inappropriate question by the prosecutor during petitioner's cross-examination. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Petitioner appeals from his conviction for the first-degree murder of his neighbor, arguing that his conviction should be overturned because at trial the prosecutor improperly asked him about a call he made from the jail to his fiancé. Petitioner maintains that he was prejudiced by this question because it interjected that petitioner was in jail into the proceedings.[2]

---

[1] Petitioner appears by counsel Joseph Munoz. Respondent appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Gail V. Lipscomb.

[2] Petitioner, who bears the burden in this criminal case, failed to include any portion of the trial transcript in the appendix and, therefore, did not comply with Rule 7(d)(5) of the West Virginia Rules of Appellate Procedure, which requires

> [m]aterial excerpts from official transcripts of testimony or from documents in connection with a motion. Such excerpts must contain all the testimony or averments upon which the petitioner relies and upon which it may be reasonably assumed the respondent will rely. If transcript excerpts are misleading or unintelligible by reason of incompleteness or lack of surrounding context, the entire transcript must be provided[.]

(Continued . . .)

1

This Court has held that "[a] judgment of conviction will not be set aside because of improper remarks made by a prosecuting attorney to a jury which do not clearly prejudice the accused or result in manifest injustice." Syl. Pt. 5, *State v. Sugg*, 193 W. Va. 388, 456 S.E.2d 469 (1995). In *Sugg*, this Court found that a prosecutor's comments should be examined using four factors:

> (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

*Id.* at 393, 456 S.E.2d at 474, Syl. Pt. 6, in part.

When the circuit court addressed petitioner's objection, the court noted that the sole reference to the "jail call" appeared to be "inadvertently made, but not overly prejudicial." Moreover, the trial court found that "[i]t was a very limited reference. I don't believe it is overly prejudicial to the defendant and it was somewhat ambiguous, although it was, quote, a jail call, but no further mention was made of it, no further reference to possible incarceration." Considering the *Sugg* factors, the "jail call" question did not have a tendency to mislead the jury or prejudice petitioner, as the focus of the inquiry was on the substance of the discussion between petitioner and his fiancé, not petitioner's location at the time of the call. Additionally, as noted by the circuit court, there was only one isolated reference to "jail" during the trial. Further, there was overwhelming evidence introduced at trial to establish petitioner's guilt for the charge of murder, absent the reference. Finally, as the circuit court noted, the question appeared to be inadvertent and was not deliberately asked to divert attention to extraneous matters.[3] Based upon the foregoing, the prosecutor's question was not so prejudicial as to result in manifest injustice. Accordingly, petitioner is entitled to no relief.

For the foregoing reasons, we affirm.

---

Petitioner's failure to include the trial transcripts in the appendix is especially troubling, as respondent sent a Rule 7(e) letter to petitioner's counsel asking that certain items, including the trial transcripts, be included in the appendix. Due to respondent's diligence in supplementing the appendix, this Court was able to review the transcripts and address the merits of petitioner's assignment of error.

[3] Petitioner argues that the improper questioning prejudiced the jury deliberations because the jury foreperson sent a note to the court during deliberations requesting the "audio phone call – Lilly to [fiancé] from prison," along with another exhibit. The court denied this request since the recording was not admitted into evidence. However, the fact that the jury requested this demonstrative exhibit for the substance of that audio phone call does not change our finding that petitioner's conviction should not be set aside.

2

Affirmed.

**ISSUED:**  September 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3